```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**JERRY MONDAY,**

    **Petitioner,**

v.                                            **CIVIL ACTION NO. 2:07-00467**
                                                **(CRIMINAL ACTION NO. 2:06-00171)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is Jerry Monday's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 32.) For the reasons set forth below, the petition is granted.

### I. <u>Factual and Procedural Background</u>

On September 12, 2006, petitioner appeared before this court and entered a guilty plea to a single-count information charging him with mail fraud in violation of Title 18 United States Code Section 1341. (Criminal Action No. 2:06-00171, Doc. No. 12.) The information charged that, from October 2002 through October 2005, while employed as a salesman for Charleston Blueprint, Inc. ("Charleston Blueprint"), petitioner stole various items of property belonging to the company and sold them on eBay, an Internet marketplace. (<u>Id.</u>) The information further charged that petitioner sold various stolen items to customers of Charleston Blueprint while representing that the items belonged to him, personally. (<u>Id.</u> at 3.) The government acknowledges

that Charleston Blueprint was not aware of the thefts until the summer of 2005, when it began investigating the cause of its declining profits.  (Civil Action No. 2:07-00467, Doc. No. 39 at 2.)  Acting on an anonymous tip, the company then determined that petitioner had been taking items from Charleston Blueprint's warehouse inventory without the company's knowledge.  (Id.)

Shortly thereafter, the ensuing investigation was referred to the United States Attorney for this district.  (Id. at 5.) Petitioner's attorney subsequently began negotiating a plea agreement with the government, and succeeded in convincing the government and Charleston Blueprint to agree that the loss to the victim was $125,000.00, a figure significantly lower than that estimated by the company.  (Id.)  Following a presentence investigation, petitioner was sentenced on December 12, 2006, to a term of imprisonment of twenty-seven months, to be followed by a term of supervised release of three years.  (Criminal Action No. 2:06-00171, Doc. No. 18.)  Additionally, he was ordered to pay a $100.00 special assessment and restitution in the amount of $124,005.01.  (Id.)

In sentencing petitioner, the court applied a Base Offense Level of 7 pursuant to United States Sentencing Guidelines Section 2B1.1.  In calculating petitioner's Total Offense Level of 18, the court applied a ten-level enhancement under Section 2B1.1(b)(1)(F), because the loss exceeded $120,000.00; a two-

level enhancement under Section 2B1.1(b)(2)(A), because the offense was committed through mass-marketing; a two-level enhancement under Section 2B1.1(b)(3) for theft from another person; a two-level downward adjustment under Section 3E1.1(a) for acceptance of responsibility; and an additional one-level downward adjustment under Section 3E1.1(b) for petitioner's timely notification of his intention to plead guilty.  From the resulting sentencing range of twenty-seven to thirty-three months, the court chose the lowest sentence within the range prescribed by the Guidelines.

On August 1, 2007, petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 2:07-00467, Doc. No. 32.)  He argues that he received ineffective assistance of counsel during the sentencing phase of his criminal proceeding.  (Doc. No. 33 at 1.)  Specifically, petitioner argues that his counsel erred in failing to object to the two-level enhancement applied pursuant to Section 2B1.1(b)(3) of the Guidelines.  (Id. at 2.)

In response, the United States argues that petitioner cannot meet the "cause and prejudice" standard necessary to excuse his procedural default of failing to object to the enhancement at sentencing and failing to pursue a direct appeal.  (Doc. No. 39 at 9-22 (citing United States v. Frady, 456 U.S. 152, 167-68

(1982).)  The government further argues that the representation provided by petitioner's counsel cannot be characterized as ineffective under the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Petitioner rejoins that he relied upon the judgment of his attorney in not objecting to the enhancement at sentencing, and again in not pursuing a direct appeal.  (Doc. No. 40 at 3.)  Because the enhancement was not referred to as "theft from the person of another" either in the Presentence Report or at sentencing, petitioner argues that he had no reason to question its applicability.[1]  (<u>Id.</u>)

By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition.  (Doc. No. 34.)  On August 30, 2007, the court vacated that referral and set forth a schedule for the submission of the parties' briefs.  The matter is now ripe for disposition.

---

[1] Although the Presentence Report did refer to "theft from the person of another" in discussing the Section 2B1.1(b)(3) enhancement, it concluded that the section should apply "[b]ecause the merchandise the defendant sold on eBay was stolen from Charleston Blueprint."  In calculating the Total Offense Level at sentencing, the court referred to the enhancement as applying because the offense involved "theft from another person."  As petitioner observes, the differences in phrasing are significant; the phrase "theft from another person" does not necessarily connote theft of property in the person's immediate vicinity.

## II.  **Analysis**

Twenty-one years after the Frady court discussed the "cause and prejudice" standard applicable to a collateral attack following a procedural default, the United States Supreme Court clarified the standard to be applied to ineffective-assistance claims.  In Massaro v. United States, 538 U.S. 500 (2003), the Court held that such claims may be raised in a collateral proceeding under Section 2255, regardless of whether the petitioner might have raised the claim on direct appeal, and without regard to the "cause and prejudice" standard.  Id. at 504.  Accordingly, the court need not apply that standard, and may proceed to the merits of petitioner's claim under the Strickland analysis.

Claims of ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution are analyzed under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Under the first prong of the test, the court assesses the competence of the representation provided, and whether it fell below an objective standard of reasonableness.  Id. at 689.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."  Id.  Even if the representation in question is found to be professionally

-5-

unreasonable, it must also be shown to have sufficiently prejudiced the criminal defendant.  That is, one asserting an ineffective assistance of counsel claim must demonstrate that there is a reasonable probability the outcome of the proceeding would have differed but for counsel's error.  Id. at 698.  A reasonable probability is one that is "sufficient to undermine confidence in the outcome."  Id. at 694.  The sentencing phase of a criminal proceeding is a critical stage at which a defendant is entitled to effective assistance of counsel.  United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996).  As such, the "failure of counsel to object to an improper application of the sentencing guidelines" may amount to ineffective assistance, provided the two-prong Strickland test is satisfied.  Id. at 136.

Under Section 2B1.1(b)(3), a defendant is to receive a two-level enhancement if his offense involved "theft from the person of another."  In the Commentary to Section 2B1.1, this type of theft is defined as "theft, without the use of force, of property that was being held by another person or was within arms' reach. Examples include pick-pocketing and non-forcible purse-snatching, such as the theft of a purse from a shopping cart."  U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.1 (2006).  Such theft "receives an enhanced sentence because of the increased risk of physical injury."  Id. cmt. background.  Case law interpreting this provision indicates that it "targets physical and therefore

potentially violent (even if non-forcible) forms of theft." United States v. Pizarro-Berrios, 448 F.3d 1, 11 (citing United States v. Rizzo, 349 F.3d 94, 98, 100 (2d Cir. 2003); United States v. Londono, 285 F.3d 348, 350-51, 353-54 (5th Cir. 2002); United States v. Jankowski, 194 F.3d 878, 885-86 (8th Cir. 1999)).

Under the facts of the instant case, the court finds that the enhancement was applied in error, and to that extent finds that counsel's failure to object was unreasonable.  Nothing before the court indicates that anyone was in the vicinity when petitioner stole the merchandise in question; indeed the success of petitioner's three-year scheme clearly depended on its covert nature.  While the government does not admit the inapplicability of the enhancement, it does not make any real argument that it was properly applied in this case.  With regard to the government's supposition that defense counsel's failure to object to the enhancement amounted to a tactical decision, the court is unpersuaded.  It is evident that counsel's omission was nothing more than an innocent oversight not representative of the entirety of his performance, which was otherwise remarkably skillful and effective.

The court now turns to the second prong of the Strickland analysis: whether the result of petitioner's sentencing would have been different but for counsel's error.  Although the court

is unable to say with certainty that consideration of a lower Guideline range would have resulted in a lower sentence, the possibility is such that the court desires an opportunity to reconsider the issue.  Accordingly, the court grants petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and sets this case for resentencing.

## II.  Conclusion

Petitioner having persuaded the court that he received ineffective assistance of counsel at his underlying sentencing hearing, the court hereby **GRANTS** his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. No. 32.) A hearing to resentence petitioner is hereby **SCHEDULED** for Monday, January 28, 2008, at 2:00 p.m. in Charleston.  The Federal Public Defender is **DIRECTED** to appoint new counsel to represent petitioner at the hearing.  Further, the United States Marshal Service is **DIRECTED** to arrange forthwith petitioner's transportation to the hearing.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record, the Office of the Federal Public Defender, the United States Marshal for the Southern District of West Virginia, and the petitioner, pro se.

It is **SO ORDERED** this 12th day of December, 2007.

ENTER:

*David A. Faber*
David A. Faber
United States District Judge

-8-